RECEIVED
MAR 27 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

IN RE:

CENTRAL LOUISIANA GRAIN
COOPERATIVE, INC.,

BANKRUPTCY CASE NO. 08-80475

DEBTOR

---

ADMIRAL INSURANCE COMPANY

CIVIL ACTION NO.: 12-1157

VERSUS

JUDGE DOHERTY

THOMAS R. WILLSON, TRUSTEE

MAGISTRATE JUDGE HILL

## MEMORANDUM OPINION AND ORDER

Appellant/Movant, Admiral Insurance Company ("Admiral"), brings this appeal[1] from an Order entered by the United States Bankruptcy Court for the Western District of Louisiana, denying Admiral's Motion for Summary Judgment[2], on January 31, 2012. The Order was filed in an adversary proceeding, *Thomas R. Willson, Trustee v. Jess Vanderlick, et al.*, (Bankruptcy Case No. 10-08009) to bankruptcy case, *In re: Central Louisiana Grain Cooperative, Inc.*, (Bankruptcy Case No. 08-80475). Admiral originally filed with this Court a "Notice of Appeal" under 29 U.S.C. § 158(a)(3) [Doc. 1]. Subsequently, by correspondence dated May 8, 2012, Admiral advised this Court

---

[1] Originally filed as a "Notice of Appeal from Bankruptcy Court" [Doc. 1], this Court issued a Minute Entry and Order [Doc. 4], upsetting the briefing deadline and converting the Bankruptcy Appeal into a Motion for Leave to Appeal.

[2] Memorandum Ruling of January 31, 2012 [Bankr. Doc. 131] and Order of March 23, 2012 [Bankr. Doc. 133].

that, in fact, this was a "Motion for Leave to Appeal[3]" rather than an appeal on the merits. This Court issued a Minute Entry and Order [Doc. 4], upsetting the briefing deadlines until this Court rules on this "Motion for Leave to Appeal." This "Motion for Leave to Appeal" is unopposed by the Trustee. Should this Court grant leave to appeal, the ruling issued will contain new deadlines for the filing of substantive appellate briefs. Considering the foregoing, the Motion for Leave to appeal in the above captioned matter is now ripe for consideration.

### Factual and Procedural Background

The factual background of this matter has been set forth in the Bankruptcy Court's January 31, 2012, "Memorandum Ruling," [Bankr. Doc. 131] issued prior to the Court's Order denying Admiral's Motion for Summary Judgment entered March 23, 2012. [Bankr. Doc. 133] Neither party has objected to the facts as set forth by the Bankruptcy Court in its Memorandum Ruling, therefore, in order to give a contextual basis and to create a complete record, this Court will adopt the factual background as set forth by the Bankruptcy Court in its Memorandum Ruling, as set forth herein:

The Debtor, Central Louisiana Grain Cooperative, Inc., filed for relief under Chapter 7 of the Bankruptcy Code on April 10, 2008, and the Trustee, Thomas R. Willson, was subsequently appointed on May 7, 2008. The Debtor was a Louisiana agricultural cooperative association formed under La. R.S. 3:71 *et seq*. On April 10, 2010, the Trustee commenced the present adversary proceeding against fourteen (14) defendants. Ten (10) of the defendants–Jess Vanderlick, Vernon Mathews, John Dean, Louis Gatlin, Lloyd Puckett[4], Ben Littlepage, Charles Matt, John Deykeyser,

---

[3] The title of Admiral's motion is actually "Motion for Interlocutory Appeal" [Doc. 1-5], but this Court will refer to the document as a "Motion for Leave to Appeal."

[4] The Bankruptcy Court's Memorandum Ruling contains the name "Lloyd Puckett" as a defendant, the Complaint for Damages [Bankr. Doc. 1] and the Docket for the adversary proceeding contain the name Roy A. Puckett, Sr.

Richard Hargis, and Gordon Smith–were members of the Debtor's Board of Directors. Another defendant, Charles Vanderlick, Jr., was the General Manager of the Debtor. Defendant Mike Gillespie was the Debtor's accountant. Finally, the Trustee named the Debtor's two D & O insurance providers pursuant to the Louisiana Direct Action Statute: Admiral and Monitor Insurance Co. ("Monitor"). Monitor was subsequently dismissed as a defendant.

The focus of Admiral's Motion for Summary Judgment is whether the Admiral D&O Policy covers the claims asserted in the Complaint for Damages filed in the adversary proceeding (Bankruptcy Case No. 10-08009). The policy provides that it will "pay on behalf of the Insureds all Loss arising from any Claim first made against the Insureds during the Policy Period or within ninety days thereafter, for any Wrongful Act." [Bankr. Doc. 100, Ex. A, ¶ I.] The policy defines "Insured Person" as any "past, present or future duly elected or appointed directors, trustees, officers, employees (including part-time, seasonal and temporary individuals), volunteers, or committee or staff members of the Insured Entity. . . ." [Bankr. Doc. 100, Ex. A, ¶ III(D) ] The policy defines the "Insured Entity" as the Debtor and any of its subsidiaries. The Admiral D & O Policy also contains certain exclusions to this coverage. Exclusion F of the policy provides as follows:

> In addition to the Exclusions listed in Section IV of the Common Policy Terms and Conditions Section, the Insurer shall not be liable to make any payment for Loss in connection with a Claim made against any Insured:
>
> . . .
>
> F. **by, on behalf of, or in the right of the Insured Entity in any capacity**, provided, however, this exclusion does not apply to any Claim that is a derivative action brought or maintained on behalf of the Insured Entity, but only if such Claim is instigated and continued totally independent of, and totally without the solicitation of, or assistance of, or participation of, or intervention of any Insured.

[Bankr. Doc. 100, Ex. A, ¶ IV(F)] (emphasis added). Admiral subsequently filed a Motion for Summary Judgment arguing that, as a matter of law, Exclusion F of the policy precludes coverage

for the claims asserted by the Trustee. Specifically, Admiral argued that the claims brought by the Trustee against the insured director defendants are claims brought "by, on behalf of, or in the right of the Insured Entity in any capacity." The Bankruptcy Judge ultimately denied Admiral's Motion for Summary Judgment by Order dated March 23, 2012 [Bankr. Doc. 133] with written reasons contained in a Memorandum Ruling dated, January 31, 2012. [Bankr. Doc. 131] Admiral subsequently filed the instant "Motion for Leave to Appeal" on May 5, 2012. [Doc. 1-5]

**Law and Discussion**

    A.    **Appeal of Bankruptcy Orders to District Court**

The source of district court jurisdiction over bankruptcy appeals can be found in 28 U.S.C. § 158(a). Pursuant to 28 U.S.C. § 158(a):

The district courts of the United States shall have jurisdiction to hear appeals

(1) from final judgements, orders, and decrees;

(2) from interlocutory orders and decrees issued under Section 1121(d) of title 11 increasing or reducing the time periods referred to in Section 1121 of such title; and

(3) with leave of the court, from other interlocutory orders and decrees;

*and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.* An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a) (emphasis added). Rule 8001 of the Bankruptcy Rules addresses the manner of taking appeals in bankruptcy cases. Particularly, Rule 8001(a) states "[a]n appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. § 158(a)(1) or (a)(2) shall be taken *by filing a notice of appeal* with the clerk within the time allowed by Rule 8002." Bankr. Rule 8001(a) (emphasis added). Rule 8001(b) states "[a]n appeal from an interlocutory judgment, order, or decree of a bankruptcy judge as permitted by 28

U.S.C. § 158(a)(3) shall be taken *by filing a notice of appeal*, as prescribed in subdivision (a) of this rule, *accompanied by a motion for leave to appeal* prepared in accordance with Rule 8003 and with proof of a service in accordance with Rule 8008." Bankr. Rule 8001(b) (emphasis added). Thus, pursuant to Rule 8001(a) and (b), a notice of appeal is filed *both* when a party appeals a final bankruptcy order as of right, *and* when a party seeks leave of court to appeal an interlocutory bankruptcy order.

Admiral filed, pursuant to 28 U.S.C. § 158(a)(3), its appeal and the instant "Motion for Leave to Appeal" the Bankruptcy Court's March 23, 2012 Order [Bankr. Doc. 133] in the adversary proceeding as an interlocutory appeal and has asked this Court to rule, first on the "Motion for Leave to Appeal" prior to the submission of any briefs on the merits.

Section 158(a) authorizes a district court to grant leave to appeal an interlocutory order from a bankruptcy court, but does not indicate the standard a district court uses in determining whether to grant leave to appeal. Moreover, the Fifth Circuit has not provided a hard and fast rule for determining when an interlocutory appeal should be allowed. *See Ichinose v. Homer National Bank*, 946 F.2d 1169, 1176 (5th Cir. 1991); *In re Hunt International Resources Corporation*, 57 B.R. 371, 371 (N.D. Tex. 1985). The Fifth Circuit has, however, stated "[t]he decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." *Stumpf v. McGee (In re O'Conner)*, 258 F.3d 392, 399-400 (5th Cir. 2001), cited in *In re Verges*, 2007 WL 955042, *1 (E.D. La. 2007).

In *Ichinose*, the court stated:

Nonetheless, the vast majority of district courts faced with the problem [of having no articulable standard] have adopted the standard under 28 U.S.C. §1292(b) for interlocutory appeals from district court orders. [internal citations omitted]. **This standard consists of three elements: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for**

> **difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation.** *In re Neshaminy Office Bldg. Assoc.*, 81 B.R. 301, 303 (E.D.Pa.1987).

946 F.2d at 1177. (emphasis added) The *Ichinose* court expressly declined to state whether consideration of the Section 1292(b) factors is proper in the context of a motion for leave to appeal brought pursuant to Section 158(a).

Guided by the pronouncement in *Ichinose*, district courts in the Fifth Circuit have relied on the Section 1292(b) factors in considering whether to grant leave to appeal an interlocutory order of a bankruptcy court. *See, e.g., In re Hallwood Energy, L.P.*, 2013 WL 524418, *1 (N.D. Tex. 2013) ("The standard the district court applies in determining whether to exercise its discretion to grant leave is not articulated in the statute. Courts in the Fifth Circuit, however, have applied 28 U.S.C. § 1292(b), the standard governing interlocutory appeals generally."); *Powers v. Montgomery*, 1998 WL 159944, *2 (N.D. Tex. 1998) ("While there is no set standard in this Circuit for determining whether to grant leave to appeal, the Fifth Circuit has acknowledged that the large majority of district courts faced with the problem have adopted the standard under 28 U.S.C. §1292(b) for interlocutory appeals from Bankruptcy Court orders."); *In re Turner*, 1996 WL 162110, *1 (E.D. La. 1996) ("Because §158(a) contains no criteria to guide the exercise of my discretion in granting or denying an interlocutory appeal, district courts have looked to standards governing interlocutory appeals in 28 U.S.C. §1292(b).").

In most cases, the district courts have added, "[b]ecause interlocutory appeals interfere with the overriding goal of the bankruptcy system, expeditious resolution of pressing economic difficulties, they are not favored." *Smith v. AET Inc.*, 2007 WL 1644060, *5 (S.D. Tex. 2007) (*citing In re Hunt Int'l Res. Corp.*, 57 B.R. 371, 372 (N.D. Tex. 1985)). Thus, in accordance with the legislative history of §1292(b), "interlocutory appeals should be granted only in *exceptional*

*situations* where allowing such an appeal would avoid protracted and expensive litigation." *See, e.g., In re Turner*, 1996 WL 162110, *1 (emphasis added) (*citing Clark-Dietz & Assoc. V. Basic Construction*, 702 F.2d 67, 69 (5th Cir. 1983)); *Powers*, 1998 WL 159944, *2 ("Leave to appeal a bankruptcy court's interlocutory order should be granted only in circumstances which justify overriding the general policy of not allowing such appeals."); *In re Global Marine, Inc.*, 108 B.R. 1007, 1009 (S.D. Tex. 1988) ("The other standard frequently employed is whether 'exceptional circumstances' warrant a grant of immediate appellate review.").

**B.     The Bankruptcy Court's Ruling**

In addressing the issue it ruled upon and Admiral now seeks leave to appeal, Admiral's Motion for Summary Judgment, the Bankruptcy Court was required to construe the language of Exclusion F of the Admiral D&O Policy. Federal courts generally look to state law when dealing with matters of contract construction. Here, the Bankruptcy Court relied on Louisiana law, which instructs that insurance policies are to be construed using the general rules of contract interpretation set forth in the Louisiana Civil Code. *See Innovative Hospitality Systems, LLC v. Abraham*, 61 So.3d 740, 743 (La. App. 3d Cir. 2011); *Muller v. Colony Insurance Co.*, 57 S. 3d 341, 346 (La. App. 1st Cir. 2010) ("An insurance contract or policy is a conventional obligation that constitutes the law between the parties to the contract, the insured and the insurer.") Moreover, if the policy is clear and unambiguous, the policy must be enforced as written. *Muller*, 57 So.3d at 346. However, "a provision which seeks to narrow the insurer's obligation is strictly construed against the insurer, and, if the language of the exclusion is subject to two or more reasonable interpretations, the interpretation which favors coverage must be applied." *Innovative Hospitality Systems*, 61 So. 3d at 743.

Relying on the standard above, and case law construing "insured versus insured"

exclusions–Exclusion F in the instant matter–the Bankruptcy Judge determined that "Admiral has not met its burden of establishing, as a matter of law, that the insured versus insured exclusion in Exclusion F of the Admiral D & O Policy bars coverage from claims brought by the Trustee in this case." [Bankr. Doc. 131, p.18] Specifically, the Bankruptcy Judge reasoned that "Exclusion F applies to the claims in the present case only if the Trustee can be deemed the 'Insured Entity.' " [Bankr. Doc 131, p. 13] Relying primarily on the reasoning of the courts in *County Seat Stores, Inc.*,[5] *Molten Metal Technology*,[6] and *Laminate Kingdom*,[7] the Bankruptcy Court determined that a "duly appointed bankruptcy trustee is not the insured debtor for purposes of the insured versus the insured exclusion." [Bankr. Doc. 131, p. 13] The Bankruptcy Court reasoned, that "once Central Louisiana Grain Cooperative, Inc. filed for relief under Chapter 7 of the Bankruptcy Code, all of its claims against its former officers and directors flowed into the bankruptcy estate . . . [t]his estate and the Chapter 7 trustee appointed to administer the estate are separate and distinct entities from the pre-petition debtor. *See Molten Metal Tech.*, 271 B.R. at 726." [Bankr. Doc. 131, p. 13] Further, the Court reasoned,

> the claims brought by the Trustee are not claims brought "by" the Insured Entity because the Trustee is a distinct legal entity with different duties and functions, and the language of the exclusion does not sweep the Trustee into the definition of "Insured Entity." Nor are they claims brought "on behalf" of the Insured Entity because under section 704(a), the Trustee administers the estate (which includes the claims asserted in this case) "for the benefit of the debtor's creditors," not the defunct debtor. *Laminate Kingdom*, 2008 WL 704396 at *4.

[Bankr. Doc. 131, p.14] The Bankruptcy Court, also, relied on *R.J. Reynolds - Patrick County*

---

[5] *In re County Seat Stores, Inc.*, 280 BR 319, 327 (Bankr. S.D.N.Y. 2002).

[6] *In re Molten Metal Technology*, 271 BR 711 (Bankr. D. Mass. 2002).

[7] *In re Laminate Kingdom, LLC d/b/a Floors Today*, 2008 WL 704396 at *3 (Bankr. S.D. Fla. March 13, 2008).

*Memorial Hospital v. Federal Ins. Co.*, 315 B.R. 674 (Bankr. W.D. Va. 2003) to explain and distinguish "decisions holding that the insured versus insured exclusion applies to debtors-in-possession and plan committees/trusts. . . ." [Bankr. Doc. 131, p.14] The Bankruptcy Court made a distinction between plan committee/trusts, debtor-in-possessions, and a duly appointed bankruptcy trustee by relying on the reasoning of the court in *R. J. Reynolds - Patrick County Memorial Hospital*. Specifically, the Bankruptcy Court quoted,

> [b]ecause a chapter 11 debtor-in-possession is different than a chapter 11 trustee that is appointed by the court, claims by a debtor-in-possession, or its assignee, against a director or officer might possibly be precluded by an [insured versus insured exclusion] while the same action against the same director or officer brought by a chapter 11 trustee is the same case might not be excluded by [the] clause. 315 B.R. at 679-82.

[Bankr. Doc. 131, p. 15] Further, the Bankruptcy Court reasoned "a pre-petition debtor is the same entity as a debtor-in-possession" and a "pre-petition debtor is not the same entity as the Chapter 11 trustee." [Bankr. Doc. 131, p. 15] Thus, the Bankruptcy Court, distinguished the instant case from cases where claims were not brought by a bankruptcy trustee, but instead, were brought by a debtor-in-possession, or a plan committee/trust.

In addressing Admiral's argument that *Molten Metal Technology* does not apply to the present case because "the Admiral D & O Policy also excludes claims brought 'in the right of the Insured Entity. . . .'" [Bankr. Doc. 131, p. 16], the Bankruptcy Court further reasoned "the Trustee is not asserting these claims 'in the right of the Insured Entity,' but in the right of the bankruptcy estate." [Bankr. Doc. 131, p. 17] Additionally, the Bankruptcy Court explained, "[t]o the extent that Admiral's argument is that this 'in the right of' language extends the exclusion to claims brought by successors, the applicable authorities and the plain language of the policy's definitions and exclusion do not support Admiral's argument." [Bankr. Doc. 131, p.17]

Finally, the Bankruptcy Court concluded, "Admiral has not met its burden of establishing, as a matter of law, that the insured versus insured exclusion in Exclusion F of Admiral D & O policy bars coverage for claims brought by the Trustee in this case." [Bankr. Doc. 131, p.18] The Bankruptcy Judge, also, declared that it "need not" address the "derivative action" exception "[g]iven the court's conclusion that the exclusion does not apply on other grounds." [Bankr. Doc. 131, p.19] Thus, the Bankruptcy Court denied Admiral's Motion for Summary Judgment.

C.  **Discussion and Analysis**

**Section 1292(b) Factors**

Pending before the Court is a determination as to whether leave should be granted to file a substantive appeal, the substantive matters are not yet before the Court. With respect to the motion before the Court at this time, this Court notes that the burden falls on Admiral to demonstrate why this Court should grant such leave. Thus, guided by the noted jurisprudence, this Court will look to Admiral to establish the three elements under the applicable Section 1292 test before this Court will grant leave to appeal the Bankruptcy Court's March 23, 2012 Order denying Admiral's Motion for Summary Judgment. More specifically, Admiral must show: (1) a controlling issue of law is involved; (2) the question is one where there is substantial ground for difference of opinion; and (3) an immediate appeal will materially advance the ultimate termination of the litigation. *Ichinose*, 946 F.2d at 1177. Moreover, this Court finds the stronger argument to be, as did Judge Kinkeade "[e]very ground in § 1292(b) must be met in order for the interlocutory appeal to be considered; these are not factors to be weighed and balanced." *Panda Energy Int'l., Inc. v. Factory Mut. Ins.*, 3:10-CV-003-K, 2011 WL 610016, at *4 (N.D. Tex. 2011) (citing *Ahrenholz v. Bd. of Tr. of Univ. Of Ill.*, 219 F.3d 674, 676 (7th Cir.2000)). Additionally, the jurisprudence suggests Admiral should demonstrate the case before the Court involves "exceptional circumstances [that] justify departure from the basic

policy of postponing appellate review until after entry of final judgment." After a careful consideration of the Admiral's arguments, this Court concludes Admiral has not carried its burden with respect to these issues for the following reasons:

**1. Controlling Issue of Law**

Admiral contends that the controlling issue of law by which to grant leave to appeal is "whether an action brought by a Chapter 7 bankruptcy trustee against the debtor's directors and officers for breach of fiduciary duties is, within the meaning of Exclusion F, an action brought 'on behalf of, or in the right of the' debtor." [Doc. 1-5, p. 6] Under Louisiana law, "[i]nterpretation of an insurance contract generally involves a question of law." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir.2007) (*citing Bonin v. Westport Ins. Corp.*, 930 So.2d 906, 910 (La.2006) (internal citations omitted)). Determining "[w]hether an issue of law is controlling generally hinges upon its potential to have some impact on the course of the litigation." *Flowserve Corp.*, 444 F.Supp.2d at 723. Courts have found issues of law controlling "if reversal of the district court's opinion would result in dismissal of the action." *Strougo v. Scudder, Stevens & Clark, Inc.*, No. 96 CIV. 2136 (RWS), 1997 WL 473566, at *7 (S.D.N.Y. 1997) (*citing Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990)). However, "an issue is not seen as controlling if its resolution on appeal 'would have little or no effect on subsequent proceedings.' " *Flowserve Corp.*, 444 F.Supp.2d at 723. Other courts have found "the issue of whether an interlocutory appeal involves a controlling question of law to be 'closely tied' to the requirement that the appeal will materially advance the ultimate termination of the litigation." *Id.* Thus, it can be said, "the movant must demonstrate that the order being appealed concerns a 'controlling question of law' in which reversal of the bankruptcy court's order would (1) terminate the action *or* (2) materially affect the outcome of litigation." *Picard v. Estate of Madoff*, 464 B.R. 578, 582 (2011). (emphasis added)

With this standard in mind, this Court is of the opinion that the applicability of Exclusion F is a "controlling question of law" for the purposes of a Section 1292(b) analysis. Although the Court reaches this determination pragmatically, the availability of insurance proceeds would, it would seem, "materially affect the outcome of litigation" especially where the bankruptcy trustee is seeking damages for the estate from monies potentially coming under the Admiral D & O Policy. Hypothetically, in the event of Admiral's dismissal from this matter, the availability of funds from which to replenish the bankruptcy estate, if a favorable judgment were to be rendered, would be limited. This limitation, inevitably, would materially affect, one way or another, the outcome of the litigation. Therefore, it is this Court's finding there is a "controlling issue of law" in the interpretation and applicability of Exclusion F of Admiral's D & O Policy.

### 2. Substantial Ground for Difference of Opinion

Admiral argues that there is substantial ground for difference of opinion arguing "Exclusion F is significantly broader than...earlier versions of the insured v. insured exclusions in that Exclusion F not only applies to claims against insured brought 'by or on behalf of' the named insured, but also bars coverage for any claim brought 'in the right of' the named insured." [Doc. 1-5, p. 8]

Relevant here, courts have found there is "substantial ground for difference of opinion," if "a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *In re Hallwood Energy, L.P.*, BR 09-31253-SGJ-11, 2013 WL 524418 at *3 (N.D. Tex. 2013)(*citing Flowserve Corporation*, 444 F.Supp.2d at 723-24). "But simply because a court is the first to rule on a question *or counsel disagrees on the applicable precedent does not qualify the issue as one over which there is substantial disagreement.*"

*Flowserve Corp.*, 444 F.Supp.2d at 724. (*citing* 4 AM.JUR.2d *Appellate Review* § 128 (2005)) (emphasis added). Further, a substantial ground for difference of opinion does not exist "because a party simply claims the bankruptcy court ruled incorrectly." *Id.* (citing *Wausau Bus. Ins. Co. v. Turner Contr. Co.*, 151 F.Supp.2d 488, 491 (S.D.N.Y.2001)).

Admiral's argument is divided into two distinct sub-parts. First, Admiral argues on the basis of the "in the right of" portion of Exclusion F. Specifically, Admiral's argument is that the Bankruptcy Judge relied on "irrelevant" case law. Admiral argues

> the Bankruptcy Court devoted only three pages of its nineteen-page Memorandum Ruling to the "in the right of" language - - the policy language that differentiates Exclusion F from the earlier exclusions construed in the cases discussed by the Court in its more lengthy discussion of the "by or on behalf" prong of Exclusion F. These cases are irrelevant to determination of whether the Trustee's claims are brought "in the right of" the Debtor.

[Doc. 1-5, p. 8] This Court notes this argument attempts to question the applicable precedent, and in the alternative attempts to argue that the Bankruptcy Judge ruled incorrectly. On these bases, there is no "substantial ground for difference of opinion" under the applicable law. *See Flowserve Corp.*, 444 F.Supp.2d at 724. (internal citations omitted) Therefore, Admiral's first sub-argument does not satisfy the "substantial ground for difference of opinion" prong of the Section 1292(b) test.

Second, Admiral argues on the basis of the "by or on behalf of" portion of Exclusion F. Specifically, Admiral argues "[t]here is also substantial ground for difference of opinion as to whether the Trustee's claim is brought 'by or on behalf of' the Debtor." [Doc. 1-5, p.11] Admiral cites to two circuit court cases, which "concluded that an insured v. insured exclusion containing [by or on behalf of] language barred coverage for the claims" [Doc. 1-5, p. 11] The first case that Admiral cites is *Reliance Insurance Co. v. Weis*,[8] where "a liquidation plan approved in the Chapter

---

[8] 148 B.R. 575, 583 (Bankr. E.D. Mo. 1992), *aff'd in part*, 5 F.3d 532 (8th Cir. 1993)

11 proceeding of Reliance's insured, BBC, vested all causes of action belonging to the bankruptcy estate in the Plan Committee." [Doc. 1-5, p.11] The Bankruptcy Court discussed *Reliance Insurance Co.*'s holding for the very premise that Admiral now seeks to argue to this Court. [Bankr. Doc. 131, p. 9] The Bankruptcy Court ultimately distinguished the instant case from *Reliance Insurance Co*, in that at issue in *Reliance Insurance Co.* was a "plan committee" and at issue in the instant case is a duly appointed Chapter 7 trustee. The Bankruptcy Court made the distinction by reasoning that "a plan committee/trust steps into the shoes of a pre-petition debtor for purposes of the insured versus insured exclusion," whereas "the Chapter 11 or Chapter 7 trustee is separate and distinct from the insured debtor." [Bankr. Doc. 131, pp. 10-11] Admiral also cites *National Union Fire Ins. Co. v. Olympia Holding Corp.*, 1996 WL 33415761 at *7 (N.D. Ga. 1996) as a circuit court that found "no legal distinction between Transcon and Gumport, as Trustee for the bankruptcy estate." [Doc. 1-5, p. 12] Admiral also cited to *Olympia Holding Corp.*, in its Motion for Summary Judgment, as the Bankruptcy Court specifically addresses in its Memorandum Ruling the *Olympia Holding Corp.* case and its holding stating

> one of the primary cases cited by Admiral, *National Union Fire Ins. Co. v. Olympia Holding Corp.*, 1996 WL 33415761 at *7 (N.D. Ga. 1996), is not so readily distinguishable because the plaintiff in that case was a Chapter 7 trustee. The court, however, does not find the *Olympia Holding* case persuasive because that case fails to assess or even acknowledge the case law recognizing the legal distinction between a bankruptcy trustee and the defunct Chapter 7 debtor. Nor does the *Olympia Holding* court acknowledge the trustee's duties under the Bankruptcy Code. Instead, the *Olympia Holding* court merely concludes that "for purposes of this litigation, there is no legal distinction between [the insured company] and . . . [the] Trustee for the bankruptcy estate. *Id.* Accordingly, the court rejects *Olympia Holdings* [sic] as a grounds to grant Admiral's Motion for Summary Judgment.

[Bankr. Doc. 131, pp. 15-16]. Consequently, as Admiral's argument again focuses on case law that the Bankruptcy Court relied on in denying Admiral's Motion for Summary Judgment; Admiral's

disagreement with the outcome, or Admiral's disagreement on the controlling precedent, do not create a substantial ground for disagreement as required for an interlocutory appeal. Nor does this question, in this Court's opinion, present a novel and difficult question of first impression. As the district court in *Panda Energy* suggests,[9] and this Court agrees, the stronger argument is that in crafting guidance from Section 1292(b), every element under the Section 1292(b) standard must be met. Consequently, because of this Court's finding that a "substantial ground for difference of opinion" does not exist, the applicable standard has not been met. Thus, Admiral's argument fails to meet the standard required under Section 1292(b) for leave to appeal.

### 3. Immediate Appeal would Materially Advance the Ultimate Termination of the Litigation

Admiral argues that "the outcome of the coverage issue would likely have a significant effect on the ultimate resolution of the case, and perhaps settlement." [Doc. 1-5, p. 13] Admiral cites *Carolina Casualty v. Estate of Beverly Zinmaster*, 2007 U.S. Dist. LEXIS 14580, *10 (N.D. Ind. 2007) in support of its proposition. However, this Court notes that a careful reading of *Carolina Casualty*, reveals that the case is distinguishable from the instant case. In *Carolina Casualty*, the defendant sought "an entry of a final judgment pursuant to Federal Rule of Civil Procedure 54(b)... [to] appeal the Court's determination regarding the amount of coverage provided by Carolina Casualty's policy..." *Id.* at *6. The *Carolina Casualty* court had previously ruled finding "[Carolina Casualty's] liability under policy number CTP343015...is $1 million." *Id.* at *5. Thus, the Court certified the appeal as to the amount of coverage and not whether there was coverage. Conversely, in the instant action, the question is whether to grant leave to Admiral to appeal the Bankruptcy

---

[9] *Panda Energy Int'l., Inc. v. Factory Mut. Ins.*, 3:10-CV-003-K, 2011 WL 610016, at *4 (N.D. Tex. Feb. 14, 2011) (citing *Ahrenholz v. Bd. of Tr. of Univ. Of Ill.*, 219 F.3d 674, 676 (7th Cir.2000)).

Court's Order denying coverage of the Admiral D & O policy on the Trustee's claims, essentially, the dismissal of Admiral. Be that as it may, because the Section 1292(b) factors have not all been met, this Court concludes that it need not go into whether immediate appeal would actually materially advance the ultimate termination of the litigation at this juncture. Consequently, no further discussion of this factor is necessary and this Court makes no determination as to the validity of Admiral's argument.

Rather, this Court finds permitting the appeal to proceed at this juncture would merely serve to prolong the case. This Court finds the more just and efficient course would be for the case to play out in the Bankruptcy Court and then, should any party wish to appeal, appeal the entire matter to the appropriate venue.

**Conclusion**

Therefore, for the reasons stated herein, Admiral's "Motion for Leave to Appeal" the Bankruptcy Court's March 23, 2012 Order denying Admiral's Motion for Summary Judgment in the adversary proceeding filed within *In re: Central Louisiana Grain Cooperative, Inc.*, (Bankruptcy Case No. 08-80475), is DENIED.

Pursuant to Rule 8016(a) of the Federal Rules of Bankruptcy Procedure, the Clerk of Court is DIRECTED to prepare, sign, and enter judgment upon receipt of and in accordance with this Memorandum Opinion and Order.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 27 day of March, 2013.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE